IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

SCOTT BROWN, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:20cv06-MHT 
 ) (WO) 
U.S. FOODS, INC., et al. ) 
 ) 
 Defendants. ) 

 OPINION AND ORDER 

 Plaintiff Scott Brown--once an employee of U.S. 
Foods, Inc., a major food service distributor--filed suit 
in state court naming as defendants his former employer 
and several of his fellow employees, and asserting what 
appears to be a litany of injuries to his dignity and 
career. 
 Brown’s claims are all pleaded as common-law torts, 
and the individual defendants he names are residents of 
Alabama like him. Nonetheless, defendants removed 
Brown’s operative second amended complaint to federal 
court on the theory that the claims in two of the 
counts--labeled “Retaliation” and “Hostile Work 
Environment”--could arise under only Title VII of the 
Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a 

and 2000e through 2000e-17. Brown now agrees that his 
complaint endeavors to state Title VII claims. 
 The case is before the court on defendants’ motion 
to dismiss all of Brown’s claims. The court has 

jurisdiction over his ostensible Title VII claims under 
28 U.S.C. § 1331 (federal question) and § 2000e-5(f)(3) 
(Title VII), and it has jurisdiction over his state 

claims under 28 U.S.C. § 1367 (supplemental 
jurisdiction). For the reasons that follow, the court 
will grant the motion to dismiss, albeit with leave to 
amend, as to Brown’s Title VII claims because the 

allegations in his complaint fail to state a claim under 
that statute. The court will also allow the parties an 
opportunity to show cause why the remainder of Brown’s 
complaint should not be remanded to state court. 

 2 
 I. LEGAL STANDARD 
 To survive a motion to dismiss under Federal Rule of 

Civil Procedure 12(b)(6), a complaint “must contain 
sufficient factual matter, accepted as true, to ‘state a 
claim to relief that is plausible on its face.’” Ashcroft 
v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. 

Corp. v. Twombly, 550 U.S. 544, 570, (2007)). “A claim 
has facial plausibility when the plaintiff pleads factual 
content that allows the court to draw the reasonable 

inference that the defendant is liable for the misconduct 
alleged.” Id. 

 II. RETALIATION 

 As stated, Brown’s complaint has two counts--labeled 
“Retaliation” and “Hostile Work Environment”--that he 
contends state claims under Title VII. The court will 
first turn to the count labeled “Retaliation.” 

 Title VII makes it unlawful for an employer to 
retaliate against an employee or prospective employee 
“because he has opposed any practice made an unlawful 

 3 
employment practice by this subchapter, or because he has 
made a charge, testified, assisted, or participated in 

any manner in an investigation, proceeding, or hearing 
under this subchapter.” 42 U.S.C. § 2000e-3(a). Any 
action by an employer that might “dissuade[] a reasonable 
worker from making or supporting a charge of 

discrimination” will qualify as unlawful retaliation. 
Thompson v. N. Am. Stainless, LP, 562 U.S. 170, 174 (2011) 
(quoting Burlington N. & Sante Fe Ry. v. White, 548 U.S. 

53, 68 (2006)). 
 Brown contends that his tenure at U.S. Foods was made 
miserable and eventually ended because he reported to the 
company’s Human Resources Department that some of his 

co-workers were falsifying time sheets and absconding 
with corporate property. See Second Amended Complaint 
(doc. no. 1-1) at 4-6.1 The co-workers he reported are 
now the individual defendants in this suit. 

 1. It is unclear from Brown’s filings whether the 
alleged mistreatment he suffered at the hands of his co- 
workers came before or after he complained to the Human 
Resources Department. See Second Amended Complaint (doc. 
 4 
 Brown argues that these facts give rise to a 
retaliation claim. Specifically, he alleges that he was 

harassed, disciplined, and eventually terminated “in 
retaliation for [his] vocalization of the improper 
conduct at U.S. Foods.” Second Amended Complaint (doc. 
no. 1-1) at 6. The trouble is that the “improper conduct” 

he had complained about was not discrimination or other 
conduct prohibited by Title VII. The facts he alleges 
do not show that he was retaliated against for opposing 

discrimination or for making a Title VII charge. 
Instead, he alleges he was retaliated against for 
reporting the theft of company property and falsification 
of time sheets. See id. at 4-6. 

 This cannot support a retaliation claim under 
Title VII. The anti-retaliation provisions of the 
statute apply only when an employee is targeted for 
certain protected activities, such as opposing 

no. 1-1) at 3. The court has given Brown the benefit of 
the doubt and assumed that the alleged mistreatment came 
after he complained. 
 5 
discrimination that is barred by the statute or making 
or supporting a Title VII charge. See Univ. of Tex. Sw. 

Med. Ctr. v. Nassar, 570 U.S. 338, 347-48 (2013). The 
conclusory assertion in Brown’s recitation of his claim 
that he was actually retaliated against for telling the 
Human Resources Department “of the hostile work 

environment he was being subjected to,” id. at 21, does 
not cure this deficiency, because his factual allegations 
show retaliation for notifying the company that its 

assets were being misused, not for, for example, charging 
discrimination. Because Brown’s allegations indicate 
that he was targeted for reporting his co-workers’ misuse 
of company resources--not for an activity protected by 

Title VII--his complaint fails to state a retaliation 
claim under the statute. 

 III. HOSTILE-WORK ENVIRONMENT 

 The other count in which Brown purports to state a 
Title VII claim is labeled “Hostile Work Environment.” 
A plaintiff may establish a hostile-work environment by 

 6 
showing “that: (1) he belongs to a protected group; (2) 
he suffered unwelcome harassment; (3) the harassment was 

based on a protected characteristic of the employee ...; 
(4) the harassment was sufficiently severe or pervasive 
to alter the terms and conditions of employment and 
create a discriminatorily abusive working environment; 

and (5) the employer is responsible for that environment 
under a theory of either direct liability or vicarious 
liability.” Fernandez v. Trees, Inc., 961 F.3d 1148, 

1153 (11th Cir. 2020). Title VII does not prohibit all 
harassment: only harassment based on such factors as an 
employee’s race, color, religion, sex, or national 
origin. 

 Brown’s hostile-work environment claim falls short 
because he does not adequately allege that he was 
targeted for harassment due to a characteristic protected 
by Title VII. While he declares that he was “subjected 

to retaliation and a hostile work environment because of 
his race, color and sex,” Second Amended Complaint (doc. 
no. 1-1) at 5, this bare statement of a legal conclusion 

 7 
is not sufficient to meet the pleading standards set 
forth in Twombly and Iqbal. See Iqbal, 556 U.S. at 678. 

Beyond that, he provides not a single factual allegation 
suggesting that any of the harassment his co-workers 
engaged in and U.S. Foods failed to constrain was 
connected to his race, color, or sex. Because Brown’s 

factual allegations do not plausibly show that the 
harassment he experienced was based on a characteristic 
protected by Title VII, his complaint fails to state a 
hostile-work-environment claim.2 

 IV. INTENTIONAL DISCRIMINATION 

 In addition, some of the allegations in Brown’s count 
labeled “Hostile Work Environment” could also be 

 2. It is unclear whether Brown also asserts, 
separate from his retaliation claim, a retaliatory 
hostile-work environment, that is, that the defendants 
created a hostile-work environment in retaliation for his 
having complained to the company’s Human Resources 
Department. However, as stated, the mistreatment he 
allegedly suffered was for complaining about his 
co-worker’s misuse of company resources, and such 
complaining is not protected by Title VII. 
 8 
understood as an attempted direct claim of intentional 
discrimination against U.S. Foods under Title VII, 42 

U.S.C. § 2000e-2. In particular, Brown’s only factual 
allegation that has anything to do with his race, color, 
or sex is that: 
 “[T]wo African American employees ... engaged in 
 a physical altercation at US Foods and suffered 
 no punishment. Yet, US Foods attempts to falsely 
 justify their action here with a claim that Brown 
 engaged in an altercation with a co-employee.” 

Second Amended Complaint (doc. no. 1-1) at 20. In his 
response to the pending motion to dismiss, Brown 
explained that the action U.S. Foods took based on this 
‘altercation’ was a disciplinary citation for violating 
the company’s Violence Prevention Policy. See Pl.’s 
Response to Motion to Dismiss (doc. no. 18) at 11. 
 For an employment action to amount to intentional 
discrimination in violation of Title VII, it must effect 
a “serious and material change in the terms, conditions, 

or privileges of employment.” Jefferson v. Sewon Am., 
Inc., 891 F.3d 911, 921 (11th Cir. 2018) (quoting Davis 
v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 

 9 
2001)) (emphasis in original). “[N]egative job 
performance memoranda” and other disciplinary acts that 

cause no “economic injury” are insufficient to meet this 
threshold. Davis, 245 F.3d at 1240. 
 Brown does not allege that the disciplinary citation 
he received led to his firing or to any other economic 

injury. Instead, he alleges repeatedly that he was fired 
for complaining about his co-workers’ alleged misuse of 
company resources. Because the citation is the only 

action by U.S. Foods for which Brown presents any facts 
suggesting his race played a role, and because the 
citation does not amount to a “serious and material 
change in the terms, conditions, or privileges of 

employment,” Brown fails to state a claim of intentional 
discrimination under Title VII. 

 V. CONCLUSION 

 Title VII of the Civil Rights Act protects workers 
from being discriminated against or subjected to 
harassment for their race, color, religion, sex, or 

 10 
national origin, and from retaliation for complaining of 
such discrimination. The facts that Brown currently 

alleges are that he was mistreated for reporting his 
fellow workers’ misappropriation of corporate resources. 
Retaliating against an employee for that reason may be 
unlawful, but Title VII does not make it so. And the 

disciplinary citation he allegedly received does not, 
standing alone, support a Title VII claim. 
 In the notice of removal, defendants claimed that 

Brown’s counts labeled “Retaliation” and “Hostile Work 
Environment” must be read as Title VII claims because 
Alabama law does not protect workers against “race or sex 
discrimination, harassment, or retaliation.” Notice of 

Removal (doc. no. 1) at 4. The court passes no judgment 
today on whether this is true, nor whether Brown’s 
current allegations in these two counts could plausibly 
state any claims under Alabama law. All the court holds 

is that, as plaintiffs’ complaint is now pleaded, Title 
VII provides him no remedy. 

 11 
 The court declines to rule on the remainder of 
defendants’ motion to dismiss. The court believes it 

likely that the proper course of action at this point is 
to remand the state law claims remaining in plaintiff’s 
suit to the state court from which they were removed. 
See 28 U.S.C. § 1367(c)(3); see also Carnegie-Mellon 

Univ. v. Cohill, 484 U.S. 343, 357 (1988); Myers v. Cent. 
Fla. Invs., Inc., 592 F.3d 1201, 1226 (11th Cir. 2010). 
However, before deciding to do so, the court will give 

the parties an opportunity to show cause why this case 
should not be remanded. 
 The court will also allow Brown to amend his 
complaint to attempt to state a plausible Title VII 

claim, if he so chooses. However, whether or not Brown 
seeks to amend his complaint, the parties should show 
cause why the case should not be remanded. 
 *** 

 Accordingly, it is ORDERED that: 
 (1) Defendants’ motion to dismiss (doc. no. 15) is 
granted as to the counts labeled “Hostile Work 

 12 
Environment” and “Retaliation” in plaintiff’s Second 
Amended Complaint (doc. no. 1-1), and said counts are 

dismissed without prejudice. Should plaintiff believe 
that his allegations can be revised to state a plausible 
claim under Title VII, the court will consider a motion 
to amend his complaint filed by 5:00 p.m. on October 20, 

2020. 
 (2) The parties should also show cause, if there be 
any, in writing by 5:00 p.m. on October 20, 2020, as to 

why, in the absence of plausible Title VII claims, the 
state claims in this suit should not be remanded to state 
court. 
 DONE, this the 13th day of October, 2020. 

 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE 

 13